IN THE MATTER OF MICHAEL R. CANFIELD, AN ATTORNEY AT LAW.

Argued October 6, 1986—Decided November 12, 1986.

*Robyn M. Hill,* Deputy Ethics Counsel, argued the cause on behalf of Office of Attorney Ethics.

*C. Stephen Barrett, III* argued the cause for respondent.

PER CURIAM.

This matter arises from a Report and Recommendation of the Disciplinary Review Board that respondent be disbarred because of a knowing misappropriation of clients' funds, an ethical violation calling for disbarment under *In re Wilson,* 81 *N.J.* 451 (1979).

Respondent does not dispute that the misappropriation took place. The sole issue before the Court is the appropriateness of considering his alcoholism in mitigation of his admitted misappropriation of clients' funds, in view of the fact that he has

arrested the disease, has reorganized his life, and has made full restitution to the injured party.

In *In re Hein*, 104 *N.J.* 297 (1986), we expressed our conclusion that alcoholism is not a mitigating factor sufficient to overcome the presumption of disbarment in a misappropriation case.

The decision is that respondent be disbarred.

Respondent shall reimburse the Ethics Financial Committee for appropriate administrative costs.

*For disbarment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.

## ORDER

It is ORDERED that MICHAEL R. CANFIELD of TRENTON, who was admitted to the bar of this State in 1973, be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that MICHAEL R. CANFIELD be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with disbarred attorneys; and it is further

ORDERED that respondent reimburse the Ethics Financial Committee for appropriate administrative costs.