IN THE MATTER OF DION F. RYLE, AN ATTORNEY AT LAW.

Argued November 29, 1983—Reargued May 13, 1986.
Decided January 9, 1987.

*William R. Wood,* Deputy Ethics Counsel, argued the cause on behalf of Office of Attorney Ethics.

*Joseph H. Kenney* argued the cause for respondent (*Kenney & Kearney,* attorneys).

PER CURIAM.

At the oral argument before this Court respondent's lawyer acknowledged that this disciplinary proceeding involves a misappropriation of client funds that but for respondent's asserted alcoholism defense would fairly be characterized as "knowing," thereby leading to disbarment under *In re Wilson,* 81 *N.J.* 451 (1979). We therefore need dwell no longer on the nature of respondent's ethical transgression than to register our conclusion, based on our independent review of the record, that there is clear and convincing evidence of respondent's taking of $2240 of the funds of his client James Blake for his own purposes from February 1980 through June 1981, and, as found by the Disciplinary Review Board, that the taking was "deliberate" and "likely to go undiscovered."

Because respondent raised his defense of alcoholism for the first time before this Court, we remanded the proceedings to the District III Ethics Committee and ultimately to a Special Master, a distinguished retired Superior Court Judge, to conduct "a hearing on the factual issues concerning the respondent's alcoholism and its relationship to respondent's misconduct, and * * * to report the results thereof to the Supreme Court." Our remand Order posed three questions or issues to be addressed by the Special Master:

1. Respondent's condition when he misappropriated the funds in question, including whether respondent was intoxicated at those times, or, if not, how his condition, as affected by his alcoholism, differed from intoxication, and how his condition as affected by his alcoholism differed from that of a non-alcoholic;

2. Respondent's state of mind at the time of the misappropriations, including whether that state of mind rendered him unaware of, or impaired his awareness of, the moral quality of his conduct and, if so, in what way, or deprived him of the will to conform that conduct to common standards of acceptable behavior and, if so, in what way; and

3. Whether respondent's alcoholism made him unable to distinguish right from wrong or incapable of knowing that he was engaging in illegal and unethical conduct and, if so, whether such impairment was present (determining its nature and extent as precisely as possible) only when respondent was intoxicated or under other limited circumstances.

After two days of hearings, supplemented by his examination of the transcripts of the testimony previously given before the District III Ethics Committee, the Special Master issued a comprehensive report, in which he reached the following conclusions:

As to question one, it has been determined herein that respondent was not intoxicated at any of the times or occasions he handled the James Blake funds. Although he was an alcoholic during these months, his alcoholism was so minimal in its nature and extent as to create no difference between his actions and those that would be performed by a nonalcoholic.

As to question two, it is determined that respondent's alcoholism did not affect his state of mind, and that at all times during the transactions involved in the Blake matter, respondent was aware of his failure to pay over the monthly payments he had collected and deposited, that his awareness of the moral quality of his acts was not materially impaired by his alcoholism, and that such alcoholism did not deprive him of the will to conform that conduct to common standards of acceptable behavior.

As to question three, it is determined that respondent's alcoholism did not render him unable to distinguish right from wrong or incapable of knowing that he was engaging in illegal and unethical conduct.

For all of the reasons set forth herein, this Special Master is of the view that respondent has failed to establish his alcoholism either as a defense or as a mitigating circumstances with respect to the charges involved in this proceeding.

We agree with the Special Master. Nothing in this record suggests that when respondent drew more than sixty checks to accomplish the misappropriation of Blake's funds, he was "unable to comprehend the nature of his act or lacked the capacity to form the requisite intent." *In re Hein,* 104 *N.J.* 297, 303 (1986); *see also In re Jacob,* 95 *N.J.* 132, 137–38 (1984) (alcoholism unavailing as mitigating factor so as to forestall disbarment, absent "competent medical proofs that respondent suffered a loss of competency, comprehension or will of a magnitude that would excuse egregious misconduct that was clearly knowing, volitional and purposeful"). Under the circumstances so meticulously exposed in the record before us, respondent's

alcoholism is not a mitigating factor sufficient to overcome the presumption of disbarment in this misappropriation case. *See In re Canfield*, 104 *N.J.* 314 (1986); *In re Hein, supra*, 104 *N.J.* 297; *see also In re Romano*, 104 *N.J.* 306 (1986) (respondent's drug dependency not a mitigating factor sufficient to avoid disbarment).

Respondent is disbarred. In addition, he is to reimburse the Ethics Financial Committee for appropriate administrative costs.

So ordered.

## ORDER

It is ORDERED that DION F. RYLE of MOORESTOWN, who was admitted to the bar of this State in 1972, be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that DION F. RYLE be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with disbarred attorneys; and it is further

ORDERED that respondent reimburse the Ethics Financial Committee for appropriate administrative costs.

*For disbarment* —Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed* —None.